287 F.2d 398
 NAVEGACION CASTRO RIVA, S.A. OF PANAMA, Appellant,
v.
DAMPSKIBSSELSKABET "NORDEN" A/S P. BROWN, JR., Appellee.
NAVEGACION CASTRO RIVA, S.A. OF PANAMA, Appellant,
v.
DAMPSKIBSSELSKABET "NORDEN" A/S P. BROWN JUN & CO., et al., Appellees.
 No. 18297.
 No. 18298.
 United States Court of Appeals Fifth Circuit.
 February 23, 1961.
 
 John W. Sims, James B. Kemp, Jr., New Orleans, La., Nicholas J. Healy, 3rd, New York City, Jas. Hy. Bruns, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La. and Healy, Baillie & Burke, New York City, of counsel, for appellant.
 Alfred M. Farrell, Jr., Jos. M. Rault, Benjamin W. Yancey, Alfred M. Farrell, Jr., New Orleans, La., Terriberry, Rault, Carroll, Martinez & Yancey, New Orleans, La., of counsel, for appellee, owner of The MS Nordholm.
 John P. Hammond, New Orleans, La., for other appellees.
 Henry J. Read, New Orleans, La., Montgomery, Barnett, Brown & Read, New Orleans, La., of counsel, Bigham, Englar, Jones & Houston, New York City, for Insurance Co. of America, et al., appellees.
 Before RIVES, CAMERON and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 One of these consolidated cases is an appeal from a final decree dismissing a libel brought against the Nordholm and its owner for collision damages of the Theogennitor; the other is an appeal from an interlocutory decree concerning the same collision, allowing recovery of the damages sustained by the owner of the Nordholm and intervening cargo libellants. The district court entered decrees in accordance with a full opinion reported as Navegacion Castro Riva v. The M.S. Nordholm, D.C.E.D.La.1959, 178 F.Supp. 736. The appellant-owner of the Theogennitor does not take issue with the essential findings of fact made by the district court, but does take exception to the district court's statement that, "the petitioner in limitation has made no effort whatever to show that the officers of the Theogennitor were licensed under law of any nation, including Panama, nor have the laws of any nation, including Panama, been introduced to show that officers of vessels flying the flag thereof need not be licensed." 178 F.Supp. at page 741. The appellant excepts also to the implication that the Theogennitor fell within the class of "old and underpowered, shadowy-owned tramps, flying the flag of any nation, and manned by the flotsam of the world." 178 F.Supp. at page 742. In affirming the decrees, it is not necessary for us to approve the statement and reference to which the appellant excepts.
 
 
 2
 We do not agree with the appellant's apprehension that the district court's opinion will furnish pilots with "authority to attempt dangerous overtakings at night simply because their vessel possesses high speed," nor with the other vigorously argued criticisms of the conclusions reached by the district court. To the contrary, after careful consideration, we agree not only with the findings but also with the ably reasoned conclusions of the district court, and with its decision. The decrees are therefore
 
 
 3
 Affirmed.